**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Glynndeavin Von Fox, | ) | Case No. 2:23-cv-06656-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| The State of Alaska, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Glynndeavin Von Fox, proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to the Civil Rights Act of 1964 and the United Nations Charter. (Dkt. No. 1 at 3.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

The instant action is one of eleven lawsuits brought by Plaintiff on December 8, 2023.[1] Like Plaintiff's other pleadings, the initial Complaint in this action is at times illegible and largely incoherent. The Complaint names a single defendant, the State of Alaska, and references the "Civil Rights Act [and] U.N. Charter Treaty" as the bases for this action. (Dkt. No. 1 at 3.) The "Statement of Claim" reads as follows: "The U.K. political asylee (U.K. No. 5357788) federally recognized native American from birthplace in The City of Charleston, SC and who has also worked as a federal

---

[1]    *See Von Fox v. Sligman*, No. 3:23-cv-6641-RMG-MGB (D.S.C.); *Von Fox v. Lawender*, No. 2:23-cv-6643-RMG-MGB (D.S.C.); *Von Fox v. Kornahrens*, No. 3:23-cv-6645-RMG (D.S.C. June 24, 2024); *Von Fox v. Scott*, No. 2:23-cv-6647-RMG-MGB (D.S.C.); *Von Fox v. Lowndes, Esq.*, No. 2:23-cv-6649-RMG-MGB (D.S.C.); *Von Fox v. Biden*, No. 2:23-cv-6652-RMG-MGB (D.S.C.); *Von Fox v. Ex-President Donald Trump*, No. 2:23-cv-6654-RMG-MGB (D.S.C.); *Von Fox v. United States Department of Veterans Affairs*, No. 2:23-cv-6658-RMG-MGB (D.S.C.); *Von Fox v. Davis*, No. 3:23-cv-6661-RMG-MGB (D.S.C.); *Von Fox v. Hanahan Police Department*, No. 2:23-cv-6665-RMG-MGB (D.S.C.).

employee in [illegible] ancestral reside in another federally recognized native Americans living area without forceful [illegible]." (*Id.* at 5.) For relief, Plaintiff seeks the "Alaska Supplement for Alaska residents every month at the amount specified by the state of Alaska as a U.S. taxpayer without paying taxes to any state of the Union or the District of Columbia as a non-resident of any state or the District of Columbia as a non-resident of any state or the District of Columbia." (*Id.*)

The undersigned issued an order on July 2, 2024, notifying Plaintiff that his initial Complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 6.) More specifically, the order noted that the pleading was "so confused, ambiguous, vague [and] otherwise unintelligible," that the Court could not "discern any causes of action" from Plaintiff's Complaint. (*Id.* at 1–2.) Under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), the undersigned then gave Plaintiff twenty-one days to file an amended complaint that cured the identified pleading deficiencies. (*Id.* at 2.) The order warned Plaintiff that failure to comply with the undersigned's instructions within the time permitted would result in summary dismissal. (*Id.*)

Notwithstanding this warning, Plaintiff did not comply with or otherwise respond to the undersigned's instructions. In an abundance of caution, however, the undersigned issued a second order on August 7, 2024, providing Plaintiff one final opportunity to file an amended complaint that cured the identified pleading deficiencies. (Dkt. No. 9.) The order once again warned Plaintiff that summary dismissal would result if he failed to file an adequate amended pleading. (*Id.*) Unfortunately, Plaintiff still has not complied with these instructions and the time to do so has lapsed.

## LEGAL STANDARD

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of

complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions, such as "fantastic or delusional" scenarios, may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim

3

under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

Despite receiving several opportunities to comply with this Court's instructions, Plaintiff has failed to file an amended complaint that cures the deficiencies identified in his initial pleading. As a result, this action remains subject to summary dismissal for the reasons discussed below.

As the undersigned previously explained to Plaintiff (Dkt. No. 6 at 1–2), summary dismissal is appropriate when a pleading is "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or gibberish, that it is unclear what is to be made of them." *Witherspoon v. Berry*, No. 9:13-cv-2942-MGL, 2015 WL 1790222, at *3 (D.S.C. Apr. 15, 2015); *see also Bell v. Bank of Am., N.A.*, No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (internal quotation marks and citations omitted). Such is the case here.

While Plaintiff references several legal authorities in his pleading—the Civil Rights Act of 1964 and the United Nations Charter (Dkt. No. 1 at 3)—the nonsensical nature of his allegations

makes it virtually impossible to discern the true facts underlying these claims.[2] Indeed, the Complaint seems to suggest that Plaintiff is entitled to some sort of reimbursement or payment from the State of Alaska without any intelligible context or explanation. (Dkt. No. 1 at 5.) These confused allegations plainly fail to demonstrate that Plaintiff suffered any sort of actionable civil rights violation. *See Windham v. Graham*, No. 9:08-cv-1935-PMD-GCK, 2008 WL 3833789, at *6 (D.S.C. Aug. 14, 2008) (noting that "a complaint is insufficient where it simply expounds a collection of legal buzzwords but fails to make any factual allegations against the defendants"); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (noting that federal courts lack the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"). The undersigned therefore finds that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be summarily dismissed without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). In light of this recommendation, the Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

---

[2]     Because there is no indication that Plaintiff has a private right of action under the United Nations Charter, the Court does not entertain any such claims here. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984) (noting that "individual plaintiffs do not have standing to raise any claims under the United Nations Charter and . . . other international obligations"); *see also* Restatement (Third) of the Foreign Relations Law of the United States § 907 cmt. a. (1987) ("International agreements . . . generally do not create private rights or provide for a private cause of action in domestic courts. . . .").

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 18, 2024
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).